UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENSOR ELECTRONIC TECHNOLOGY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:21-cv-00086-K |
| MOUSER ELECTRONICS, INC. | § § § | |
| Defendant. | § § | |

DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND LEAVE TO
FILE ANSWER

Defendant Mouser Electronics, Inc. ("**Defendant**" or "**Mouser**") hereby files this Motion

to Set Aside the Clerk's Entry of Default entered on October 15, 2021 (the "**Entry of Default**")

and states as follows:

I.
FACTUAL BACKGROUND

Plaintiff Sensor Electronic Technology, Inc. ("**SETi**") filed suit alleging that Mouser

infringes US Patent Nos. 10,460,952 (the "**'952 Patent**"), 8,552,562 (the "**'562 Patent**"),

0,147,848 (the "**'848 Patent**"), 10,854,785 (the "**'785 Patent**"), 9,966,496 (the "**'496 Patent**"),

10,854,785 (the "**'785 Patent**"), 9,042,420 (the "**'420 Patent**"), 10,411,156 (the "**'156 Patent**"),

9,923,117 (the "**'117 Patent**"), and 6,841,809 (the "**'809 Patent**") (collectively, the "**Patents-in-**

**Suit**"). SETi's allegations of patent infringement, however, only relate to one product—the Lite-

on LTPL-G35UV275GC-E UV LED (the "**Accused Product**").[1]

Mouser is a globally authorized distributor of semiconductors and electronic components

for over 1,100 industry-leading manufacturer brands. Mouser specializes in the rapid introduction

---

[1] SETi First Amended Complaint at ¶ 6.

of the newest products and technologies targeting the design engineer and buyer communities. Mouser **does not** invent, manufacture, or create the products it distributes.

Upon service of SETi's complaint, Mouser investigated its sales of the Accused Product and determined that its total gross revenue for the Accused Product totals just $6,745.94. Mouser also voluntarily discontinued the accused product very shortly after receiving the complaint. Recognizing that the cost of litigating SETi's patent claims would almost instantly outpace the amount of money in controversy, counsel for Mouser reached out to counsel for SETi and attempted to negotiate a settlement. To that end, the parties engaged in several settlement conversations. To facilitate such conversations, the parties agreed to several extensions of the answer deadline. *See* Agreed Motion for Extension of Time to File Answer filed February 12, 2021 (Dkt. No. 11) and Agreed Motion for Extension of Time to File Answer filed March 12, 2021 (Dkt. No. 13). Mouser discontinued all sales of the Accused Product, committed not to resume sales of the Accused Product, and offered SETi the entire $6,475.94 of gross revenue to settle the dispute.

Despite Mouser's good faith offers, SETi refused to engage in any meaningful discussion to resolve this matter. On May 25, 2021, with Mouser's agreement, SETi amended its complaint, which dropped the '809 Patent and added a claim for willfulness. In other words, more than four months after filing its initial complaint, and two months after stating that resolution was premature, SETi has not included any other accused products or additional means of obtaining damages.

Accordingly, on July 30, 2021, Mouser filed a Motion for Leave to Make Rule 67 Deposit of Funds. *See* (Dkt. No 22). Although the Court has yet to rule on this motion, it ordered the parties to appear for mediation before the Honorable David L. Horan. *See* (Dkt. No. 28). Judge Horan conducted the settlement conference on October 13, 2021. *See* (Dkt. No. 34). Per the Court's order, Mouser and counsel for Mouser appeared via Zoom, but settlement was not reached. *Id.* At the mediation counsel discussed agreeing to a date for Mouser to answer or otherwise plead. Counsel for Mouser followed up via email to counsel for SETi regarding such an Answer date. *See* Exhibit A-1. Counsel for SETi stated that they would "discuss internally and let [Mouser] know [SETi's]

position." *Id.* SETi never stated its position regarding an agreed answer date and instead simply stated that it opposed Mouser's Motion to Set Aside Entry of Default.

## II.
## REQUEST FOR RELIEF

Mouser respectfully requests that the Court set aside the Clerk's Entry of Default and grant Mouser leave to file the Answer attached hereto as Exhibit B.

## III.
## ARGUMENTS & AUTHORITIES

"Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (*quoting CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 63 n. 1 (5th Cir. 1992)). The Fifth Circuit has instructed courts to "not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Id.* (*quoting Mason & Hanger—Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)); *see also Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy*, 227 F.3d at 292 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960). The standard for setting aside an entry of default is necessarily lower than the standard for setting aside a default judgment. FED. R. CIV. P. 55(c) (good cause standard for setting aside default compared to FED. R. CIV. P. 60(b) requirements for setting aside default judgment).

There is good cause to set aside the Clerk's Entry of Default. Mouser has not defaulted on this lawsuit because it has taken steps to "otherwise defend" this case. The Complaint in this case

only concerns one product, the Lite-on LTPL-G35UV275GC-E UV LED. The total revenue generated from this product ($6,475.94) does not justify expending either the parties' or the Court's limited resources. Accordingly, Mouser has taken steps to reach a resolution of this case without expending a tremendous amount of resources. *See* Exhibits A-2–A-8. Although such efforts have, inexplicably, proven futile, Mouser's active attempts to address the merits of the dispute and efficiently resolve the dispute evince that Mouser does, in fact, intend to otherwise defend the suit as stated in Rule 55(a).

Under Rule 55(c) the Court may set aside an entry of default for good cause. The good-cause standard "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992); *Perkins v. Howco Realty, LLC*, CIVIL ACTION NO. 3:21-CV-1434-B, 2021 WL 3710649 at * 1 (N.D. Tex. Aug. 19, 2021). Thus, the good-cause standard is liberally construed. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003); *Perkins v. Howco Realty, LLC*, CIVIL ACTION NO. 3:21-CV-1434-B, 2021 WL 3710649 at * 1 (N.D. Tex. Aug. 19, 2021).

The Fifth Circuit has found three factors useful in assessing good cause in the default setting - whether setting it aside would prejudice the adversary, whether a meritorious defense is presented, and whether the default was willful. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992); *Perkins v. Howco Realty, LLC*, CIVIL ACTION NO. 3:21-CV-1434-B, 2021 WL 3710649 at * 1 (N.D. Tex. Aug. 19, 2021); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr. LLC*, 779 F.3d 182, 186 (2d Cir. 2015); *Indigo Am. Inc. v. Big Impressions, LLC*, 557 F.3d 1, 3 (1st Cir. 2010).

(a)     **Prejudice to the plaintiff.** The first good-cause factor is whether setting aside the entry of default would prejudice the plaintiff. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011); *O'Connor v. Nevada,* 27 F.3d 357, 364 (9th Cir. 1994); *Enron Oil Corp. v. Diahuhara,* 10 F.3d 90, 96 (11th Cir. 1994); *JMB Mfg. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015). The court uses this factor to consider whether the defendant took action to correct the default. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

(b)     **Meritorious defense.** The second good-cause factor is whether the defendant has a *prima facie* meritorious defense. *Dassault Systemes,* 663 F.3d at 832; *O'Connor,* 27 F.3d at 364; *Enron Oil,* 10 F.3d at 96; *JMF Mfg,* 799 F.3d at 793.

(c)     **Culpable conduct.** The third good-cause factor is whether the default was willful. *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186; *Dassault Systemes,* 663 F.3d at 838-39; *Enron Oil,* 10 F.3d. at 96; *see U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091-92 (9th Cir. 2010). For a default to be considered willful, the defendant's conduct must be more than merely negligent or careless, it must be egregious and not satisfactorily explained. *Bricklayers & Allied Craftworkers Local 2,* 779 F.3d at 186; *see also Gray v. Staley*, 310 F.R.D. 32, 35 (D.D.C. 2015).

The Court need not consider all of these factors. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Ultimately, "[t]he decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Each of these factors, however, weigh in favor of setting aside the default judgment.

**A.      SETi will not be prejudiced if the Clerk's Entry of Default is set aside.**

Mouser is seeking that the Clerk's Entry of Default be set aside. SETi and Mouser have engaged in extensive settlement conversations since SETi filed suit. SETi has received ample information concerning the Accused Product in an effort to reach a resolution. Moreover, setting aside the Clerk's Entry of Default is not prejudicial because Mouser is not the manufacturer of the Accused Product. Rather, SETi is in active litigation with the manufacturer of the Accused Product. *SETi v. Lite-on Technology Corp.*, et al, WDTX -6-21-cv-00322. Permitting Mouser to file an Answer will have no effect on SETi's ability to continue to prosecute its claim against the manufacturer of the Accused Product.

**B.      Mouser has a meritorious defense.**

The Court should also set aside the Clerk's Entry of Default because Mouser has a meritorious defense, namely that the damages in this dispute are nominal. Mouser also has non-infringement and invalidity defenses to SETi's patents, and if forced to litigate will demonstrate that it does not infringe the Patents-in-Suit and/or that the Patents-in-Suit are invalid. Mouser continues to hope, however, that reasonable heads will prevail and that the dispute can be resolved before any party spends more money chasing a nonexistent amount of damages for an accused product that has already been discontinued.

**C.      Mouser did not have culpable conduct.**

SETi presented no evidence in support of its Request for Entry of Default that Mouser's failure to file an Answer was willful. To the contrary, the record shows that Mouser has taken steps to "otherwise defend" as required by Rule 55(a) while keeping the expense of litigation down given the nominal amount in controversy. For example, Mouser, through counsel, negotiated extensions of time to answer in an effort to resolve the case before either side incurred major expense. Further, there were many conversations between the parties' counsel discussing the

dispute and attempting to reach a settlement. *See* Exhibits A-2–A-8. Courts have found that a defendant's repeated contacts with the plaintiff to resolve the dispute and exchanging correspondence between the parties discussing the dispute indicate that the defendant intended to defend against the case. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292-93 (5th Cir. 2000). Mouser even went so far as to petition the Court to deposit the full amount of revenue generated from the sole product at issue. *See* Mouser's Motion for Leave to Make Rule 67 Deposit of Funds (Dkt. No 22). Such conduct demonstrates that Mouser was and is willing to participate in litigation, but does not want to waste the Court's time or resources on a dispute with nominal damages. Moreover, Mouser participated in a full mediation before Judge Horan per the Court's order. Courts have found that participating in conferences before the court (*New York Life Ins. v. Brown*, 84 F.3d 137, 141-42 (5th Cir. 1996)) and engaging in settlement conversations after the complaint was filed (*Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349, 353-54 (1st Cir. 1996)) show an intent to defend, thereby precluding entry of default.

There was simply no culpable conduct related to Mouser's conduct in defending the case.

## PRAYER

Mouser has made concerted efforts to efficiently resolve this case without Court intervention and without incurring more costs than the total possible amount of damages at issue. SETi has inexplicably rejected all reasonable efforts to resolve this case. Mouser has engaged in extensive efforts to "otherwise defend" itself while controlling costs. Mouser has not defaulted under Rule 55(a) and therefore prays that the Court set aside the Clerk's Entry of Default, and grant Mouser such other relief to which it may be justly entitled.

Dated: October 15, 2021                     Respectfully submitted,


                                            */s/ Paul V. Storm*
                                            Paul V. Storm
                                            State Bar No. 19325350
                                            pvstorm@foley.com
                                            Colleen E. McKnight
                                            State Bar No. 24078976
                                            cmcknight@foley.com
                                            Stephanie L. McPhail
                                            State Bar No. 24104104
                                            smcphail@foley.com
                                            Foley & Lardner LLP
                                            2021 McKinney Avenue, Suite 1600
                                            Dallas, TX 75201
                                            Telephone: 214.999.3000
                                            Facsimile: 214.999.4667

                                            **Counsel for Defendant
                                            Mouser Electronics, Inc.**

---

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on October 15, 2021, counsel for Mouser conferred with counsel for SETi regarding the relief sought in this motion. Counsel for SETi indicated their opposition to the relief sought herein.

*/s/ Paul V. Storm*
Paul V. Storm

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2021, a true and correct copy of the above and foregoing document was filed and will be served on all counsel of record via the Court's CM ECF system.

*/s/ Paul V. Storm*
Paul V. Storm
